NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODNEY BANKS, | No. 21-15688 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00117-DAD-JLT |
| v. | |
| J. PELAYO, Correctional Officer at Kern Valley State Prison; A. LEYVA, Correctional Officer at Kern Valley State Prison, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

California state prisoner Rodney Banks appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of the

First and Fourteenth Amendments.  We have jurisdiction under 28 U.S.C. § 1291.

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo a district court's dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Banks's action because Banks failed to allege facts sufficient to state a claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a First Amendment retaliation claim in the prison context); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

**AFFIRMED.**

21-15688